UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MELVILLE RAYMOND BILLIOT                          CIVIL ACTION

VERSUS                                            NUMBER: 14-2514

DEPUTY MERCADEL                                   SECTION: "C"(5)
(MAILROOM-DEPUTY)

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Melvin Raymond Billiot, against Defendant, Deputy Mercadel, who is identified as the mailroom deputy at the Jefferson Parish Correctional Center ("JPCC").

Plaintiff is an inmate of the JPCC in Gretna, Louisiana. As his statement of claim herein, Plaintiff refers the Court to a number of state court rulings and pieces of correspondence that he recently received from the Louisiana Fifth Circuit Court of Appeal, the Louisiana Supreme Court, and the Twenty-Fourth Judicial District Court Public Defender's Office, handwritten copies of which he attaches to his complaint, as evidence that said rulings and missives were the product of forgery. Plaintiff posits as proof of such nefarious conduct the fact that the panel of the Fifth Circuit judges signed their unpublished decision with their initials rather than their full signatures; that the decision from the Louisiana Supreme Court bears no gold stamp, justice's signature, or the clearly discernible name of a deputy clerk; that the name of his first court-appointed attorney is misspelled and that successor counsel is referred to as Cindy Cimino rather than Cynthia M. Cimino which is slang and a misuse of the English language; and, various other insignificant

and inconsequential anomalies. (Rec. doc. 1, pp. 5, 7-12). Because all of these documents passed through the JPCC mail room, Plaintiff speculates that is the situs where the alleged forgery occurred. For the documentary variances of which he complains, Plaintiff seeks one million dollars in monetary damages and his release from imprisonment.

Plaintiff has instituted suit herein IFP pursuant to 28 U.S.C. §1915. A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). *See also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

It is axiomatic that in order to set forth a cognizable claim under §1983, an aggrieved party must allege and show that he has been deprived of a right secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986). A simple claim of forgery, while possibly violative of state law, does not rise to the level of a constitutional violation. *Thompson v. Roundtree*, No. 09-CV-0803, 2011 WL 1626554 at *5 (M.D. La. Feb. 24, 2011), *adopted*, 2011 WL 1630931 (M.D. La. Apr. 28, 2011); *Hicks v. Margie*, No. 08-CV-0835, 2008 WL 4566995 at *2 (W.D. La. Sept. 2008)(claims of fraud, forgery, or deception are not cognizable under §1983); *Thompson v. Dretke*, No. 06-CV-0050, 2006 WL 1207890 at *3 (E.D. Tex. May 4, 2006). Plaintiff's allegations suggest no more than a personal belief that the court rulings and

correspondence that he received were forged and, construing his claim as one for denial of access to the courts, he makes no showing his position as a litigant was prejudiced in any way.  *Whiting v. Kelly*, 255 Fed.Appx. 896, 898-99 (5th Cir. 2007); *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993).  Finally, the monetary relief prayed for by Plaintiff is unavailable here as he makes no allegation that he suffered any physical injury, *Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001), and his request for release from imprisonment must be pursued on *habeas corpus* grounds after he has exhausted available state court remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this  17th  day of     November    , 2014.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE